

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-10-00073-CR

**KRISTOPHER KEITH KINCHLOE,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

_____

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 08-00590-CRF-272

_____

## MEMORANDUM  OPINION

_____

Kristopher Keith Kinchloe appeals from his conviction for the offense of Assault with Bodily Injury/Family Member which was enhanced by a prior conviction for the same offense.  Kinchloe pled not guilty to the offense, but pled true to the enhancement before the jury.  Kinchloe was sentenced to six years in prison by the trial court. Kinchloe complains that the trial court erred in submitting an improper limiting instruction regarding his prior conviction that served as the basis of the enhancement paragraph as an extraneous offense in the jury charge.  Because we find no reversible error, we affirm the judgment of the trial court.

## Admission of Extraneous Offenses

Kinchloe contends that the evidence regarding his prior conviction was admissible solely for jurisdictional purposes and could not be considered for any of the reasons relating to extraneous offenses in Rule 404(b) of the Rules of Evidence. *See* TEX. R. EVID. 404(b). To the extent that Kinchloe's issue can be read to complain that the evidence was used for any other purpose pursuant to rule 404(b), that objection was waived by Kinchloe's failure to request a limiting instruction at the time the evidence was offered. Because there was no request for a limiting instruction at the time of the admission of his stipulation regarding the prior conviction that extraneous act evidence became "part of the general evidence and [could] be used for all purposes." *See Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007).

In his brief, Kinchloe also sets forth the balancing test required for determining admissibility pursuant to Rule 403. *See* TEX. R. EVID. 403; *De La Paz v. State*, 279 S.W.3d 336, 348-49 (Tex. Crim. App. 2009). However, that objection was also not made at the time of the admission of the evidence, but was referenced during the jury charge conference. As such, any complaint relating to Rule 403 was waived. TEX. R. APP. P. 33.1(a).

## Jury Charge Error

Kinchloe complains that the trial court's limiting instruction that was included in the charge relating to extraneous offenses was erroneous because it allowed the jury to consider the prior conviction for purposes other than for establishing felony jurisdiction, those being the intent of the defendant and rebuttal of a defensive theory. The instruction of which Kinchloe complains stated:

You are instructed that if there is any testimony before you in this case regarding the defendant's having committed offenses *other than the offenses alleged against him in the indictment in this case*, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may consider the same in determining jurisdiction, the intent of the defendant, and rebuttal of any defensive theory in connection with the offense alleged against him in the indictment in this case, and for no other purpose.

(emphasis added). However, this section by its language expressly does not apply to the prior conviction because it is limited to other offenses besides those alleged in the indictment. The prior conviction of which Kinchloe complains was contained in the indictment, read to the jury as part of the indictment, Kinchloe pled true to that prior conviction before the jury, and a signed, sworn stipulation regarding that conviction was admitted into evidence.

Additionally, without a request for a limiting instruction at the time of the admission of the evidence, the trial court was not required to submit a limiting instruction in the jury charge regarding the use of that prior conviction. *Delgado*, 235 S.W.3d at 251. Therefore, the charge was not erroneous on this basis. Kinchloe does not complain of any other extraneous offenses admitted into evidence or that there are other errors in the charge. We overrule Kinchloe's sole issue.

*Conclusion*

Finding no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed July 20, 2011
Do not publish
[CR25]